This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41852**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JERRY GILBERT ESPINOZA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Jeffery Shannon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we affirm for the following reasons.

**{2}**     Defendant contends that the district court abused its discretion by failing to consider mitigating circumstances at sentencing under NMSA 1978, Section 31-18-15.1 (2009), and by misunderstanding its statutory authority to do so. [BIC 3] We review the district court's sentencing for an abuse of discretion. *State v. Montoya*, 2015-NMSC-010, ¶ 63, 345 P.3d 1056. "The district court has an obligation to consider mitigating factors in sentencing. Failure to do so, whether based on a misapprehension of the authority given by statute or a belief that a formal motion is required, is an abuse of discretion." *Id.* (internal quotation marks and citation omitted).

**{3}**     At trial, the State presented evidence that Defendant sexually abused his granddaughter (Victim) on multiple occasions, and that this resulted in a pregnancy. [BIC 2] Based on this evidence, a jury convicted Defendant of one count of first-degree criminal sexual penetration of a minor (CSPM) resulting in great mental anguish and one count of incest. [BIC 1] Immediately after the trial, the district court held a sentencing hearing. [AB 3] At the sentencing hearing, the prosecutor read a statement from Victim and asked the district court to impose the maximum sentence of imprisonment for both counts and to run the sentences consecutively. [RP 393-94] Defendant's counsel asked for leniency by suspending some of the period of imprisonment and running the sentences concurrently. [Id.] Defense counsel pointed to Defendant's age; his medical condition, which both Defendant and his daughter testified extensively to during the trial [BIC 5]; his family; the fact that the jury found him not guilty on one of the charges; the absence of prior criminal convictions; his compliance with his pretrial conditions of release; and his attitude towards the court. [AB 3; 4-29-21 CD 3:38:37-3:40:50] Defendant declined allocution and did not present any other testimony.

**{4}**     The district court stated that Defendant's case "was one of the more reprehensible sexual assault cases" the court had ever encountered. [AB 3] The district court made a number of statements concerning Defendant's sexual exploitation of Victim and Defendant's abhorrent conduct before sentencing him. [AB 4] The district court sentenced Defendant to eighteen years for the CSP conviction and three years for the incest conviction, but suspended three years of imprisonment on both convictions, resulting in a total time of incarceration of fifteen years on the CSP conviction and zero years of incarceration on the incest conviction. [2 RP 260-63] The district court ran the sentences consecutively, entering a judgment and sentence on May 5, 2021. [Id.]

**{5}**     We note that Defendant previously appealed from that May 5, 2021 judgment and sentence, but did not argue that the district court erred in failing to mitigate his sentence. [BIC 2] This Court affirmed Defendant's conviction in *State v. Espinoza*, 2023-NMCA-012, 525 P.3d 425. [Id.] When the case was remanded to the district court, the State moved for reconsideration of the sentence, arguing that it was improper for the district court to have suspended three years of the CSP conviction when it originally sentenced Defendant. [BIC 2-3] Defendant did not respond in writing. Although the original sentencing judge who had presided over sentencing had left the bench, a different judge heard the motion, granted it, and imposed an eighteen-year sentence on the CSP conviction without any suspension. [BIC 3] It appears that the district court

heard the State's motion at a motion hearing and did not set a second sentencing hearing. [2 RP 468] Defendant did not raise mitigation at the motion hearing. [2-13-24 CD 3:30:30-3:31:31, 3:33:39-53]

**{6}** Defendant argues that his health issues warranted mitigation and that district court abused its discretion by failing to consider that evidence at sentencing. [BIC 1] Section 31-18-15.1(A) states: "The [district] court shall hold a sentencing hearing to determine if mitigating . . . circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision to alter a basic sentence." Section 31-18-15.1(A)(1) permits the district court to alter the basic sentence when it finds that there are "any mitigating circumstances surrounding the offense or concerning the offender." If the district court determines that it will alter the basic sentence, "the judge shall issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case." Section 31-18-15.1(F).

**{7}** Here, the district court did have a sentencing hearing after having presided over the trial that included testimony about Defendant's health issues. During sentencing, Defendant's counsel directed the district court to those health issues and Defendant was provided the opportunity for allocution and to present any additional information for the district court to consider. The facts that Defendant contends support a mitigation of his sentence were before the district court at sentencing. Because the district court entered a subsequent judgment and sentence that did not mitigate Defendant's sentence, we conclude that the district court did not believe mitigation was warranted. "[T]here is no abuse of discretion when mitigating circumstances are considered and rejected." *State v. Sotelo*, 2013-NMCA-028, ¶ 45, 296 P.3d 1232.

**{8}** Defendant's contentions stem from the lack of any mention of mitigation by the district court at the sentencing hearing or in the written judgment and sentence entered on May 5, 2021. In essence, Defendant contends that the absence of a discussion on mitigation means the district court did not consider mitigation. We disagree and conclude that the district court did not abuse its discretion. Where the sentence is lawful and the record is silent as to the manner of the district court's exercise of its discretion in sentencing, we will not presume that the district court erred and failed to consider mitigating circumstances. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings[,]" and it is the appellant's burden on appeal to clearly demonstrate any claimed error.); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment."); *see also* § 31-18-15.1(F) (requiring the district court to "issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case" only when it determines that altering the basic sentence is appropriate).

**{9}** The authorities Defendant relies on that reversed the district court for failing to consider mitigating circumstances all relate to circumstances where the district court's statements on the record indicated that it did not have authority to mitigate the

defendant's sentence, misunderstood the mitigation statute, or did not consider mitigating circumstances. *See Montoya*, 2015-NMSC-010, ¶ 68 ("[T]he district court's misunderstanding of its authority and obligation to consider mitigating circumstances, which resulted in its failure to consider altering the basic sentence, was an abuse of discretion."); *State v. Juan*, 2010-NMSC-041, ¶ 35, 148 N.M. 747, 242 P.3d 314 (noting that the trial court did not consider mitigating circumstances because it reasoned that Section 31-18-15.1 "provided that the alteration of a sentence could not exceed one-third of the basic sentence and one-third of a life sentence could not be calculated"); *Sotelo*, 2013-NMCA-028, ¶ 44 ("[T]he district court's statements at the hearings suggest that he did not consider mitigating evidence."); *State v. Baray*, A-1-CA-40513, mem. op. ¶ 6 (N.M. Ct. App. July 20, 2023) (nonprecedential) (concluding that the district court inaccurately stated the law at sentencing regarding mitigating circumstances). The district court made no such comments at the sentencing hearing, and these authorities are therefore inapplicable to this circumstance.

**{10}**     Although contrary to his argument that the district court did not consider mitigating circumstances at all, Defendant also asserts that the three suspended years demonstrate that "the [district] court did in fact take into account the mitigating facts presented during the defense case but misunderstood that the proper source for authority to do so was [Section] 31-18-15.1(A) rather than suspension." [BIC 8] Defendant does not direct us anything in the record that supports this assertion, and thus we conclude it amounts to speculation. To the extent Defendant is also arguing that the second district court judge failed to consider mitigation, we have already concluded that the record supports a conclusion that the first judge considered mitigating circumstances under Section 31-18-15.1(A) and declined to alter the basic sentence. [BIC 10-11] Defendant does not provide any authority indicating the second judge was required to again consider mitigation in this circumstance. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Nor does Defendant acknowledge that he did not raise mitigation in the proceeding before the second judge. *See* Rule 12-321 NMRA (requiring that "[t]o preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked"). Defendant's counsel did not respond to the State's post-appeal motion. Defendant was not present at the first hearing that were scheduled to hear the motion and his counsel missed the second hearing. [RP 450, 465] Defendant's counsel acknowledged at the final hearing that he "couldn't find anything" to support the basis for the three-year suspension, suggested that the first judge "probably did rely on another statute to suspend those three years," and apologized to Defendant because he "couldn't really come up with anything to counter the argument of the State in its motion." [2/13/2024 CD 3:30:30-3:31:58, 3:33:39-50] As a result, Defendant did not preserve any argument that the second district court judge should have considered mitigating circumstances under Section 31-18-15.1 in place of the three-year suspension ordered by the first judge and does not argue that any preservation exception applies. *See State v. Clements*, 2009-NMCA-085, ¶ 19, 146 N.M. 745, 215 P.3d 54 (holding that issues related to Section 31-18-15.1 must be preserved).

**{11}**  Consequently, we affirm. Given the above conclusion, we decline to address the State's contentions concerning preservation and whether Defendant waived or abandoned his claim after his first appeal. [AB 5-8]

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KATHERINE A. WRAY, Judge**